NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-3873

_____

UNITED STATES OF AMERICA

v.

GEORGE STRINGER,
                                        Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 2-08-cr-00295-001)
District Judge:  Hon. Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

December 14, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and
STAPLETON, *Circuit Judges*

_____

(Opinion Filed:12/20/2010)

_____

_____

OPINION OF THE COURT

_____


STAPLETON, *Circuit Judge*:

George Stringer pled guilty to one count of possession of images depicting minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The District Court determined that, based on his prior state conviction for aggravated sexual assault on a child under fourteen-years-old, Stringer was subject to the mandatory minimum ten-year prison term proscribed by § 2252(b)(2). Stringer was sentenced to 120 months' imprisonment. Stringer now appeals, arguing that the mandatory minimum sentence: (1) violated 18 U.S.C. § 3553(a), which requires "a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing; and (2) violated the Eighth Amendment's prohibition against cruel and unusual punishment. We will affirm.[1]

I.

We deal first with Stringer's statutory argument for the illegality of his sentence. The Sentencing Reform Act provides that "[e]xcept as otherwise *specifically provided*, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a), as well as under 28 U.S.C. § 1291.

purposes set forth in . . . section 3553(a)(2)." 18 U.S.C. § 3551(a) (emphasis added).

Stringer contends that 18 U.S.C. § 2252(b)(2) does not "specifically provide" that its

mandatory minimum ten-year sentence supersedes the so-called "parsimony provision"

of 18 U.S.C. § 3553(a), directing courts to impose sentences "sufficient, but not greater

than necessary" to serve the purposes set forth in § 3553(a). Thus, Stringer argues, the

District Court was not bound to impose the ten-year mandatory minimum here.

However, since the time of briefing in this case, we decided *United States v.

Grober*, Nos. 09-1318, 09-2120, 2010 U.S. App. LEXIS 21980 (3d Cir. Oct. 26, 2010), in

which we rejected the argument Stringer makes here:

> Grober argues, next, that a district court is not obligated to
> impose a mandatory minimum sentence that it concludes is
> greater than necessary to comport with the purposes of
> sentencing, unless the applicable statutory provision
> specifically provides that the Sentencing Reform Act does not
> apply. *See* 18 U.S.C. §§ 3551(a), 3553(a). We have
> previously rejected this argument in analogous circumstances.
> *See United States v. Walker*, 473 F.3d 71, 85 (3d Cir. 2007);
> *United States v. Kellum*, 356 F.3d 285, 289 (3d Cir. 2004).
> Accordingly, the District Court properly recognized that it
> was statutorily bound to impose a sentence of at least five
> years imprisonment in this case.

This holding is binding upon us and requires that we reject Stringer's argument.

Consequently, we need not discuss this issue further.[2]

---

[2] Stringer argues also that the District Court committed procedural error by not addressing the foregoing statutory argument, and that this error requires remand. We conclude that this alleged error is harmless, because we have resolved the statutory issue that Stringer raises and determined that as a matter of law the mandatory minimum

II.

Stringer next contends that the ten-year mandatory minimum sentence imposed by the District Court violated the Eighth Amendment's prohibition against cruel and unusual punishment. "The standard of review for [a defendant's] constitutional challenge to his mandatory minimum sentence is plenary." *United States v. Walker*, 473 F.3d 71, 75 (3d Cir. 2007).

"The Eighth Amendment does proscribe punishment 'grossly disproportionate to the severity of the crime.'" *United States v. Martorano*, 866 F.2d 62, 69 (3d Cir. 1989) (quoting *Ingraham v. Wright*, 430 U.S. 651, 667 (1977)). Thus, "[a]lthough the [Supreme Court's] proportionality principle applies to sentences for terms of years, only an extraordinary case will result in a constitutional violation." *Walker*, 473 F.3d at 79 (citing *Lockyer v. Andrade*, 538 U.S. 63, 72, 77 (2003)).

In light of our decision in *United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006), we fail to see how this is such an extraordinary case. In *MacEwan*, as Stringer concedes, we concluded that the fifteen-year mandatory minimum sentence proscribed by 18 U.S.C. § 2252A(b)(1) for repeat child pornography offenders did not violate the Eighth Amendment, because it did not lead to "an inference of gross disproportionality." *Id.* at 250. Despite Stringer's protestations to the contrary, this decision compels the conclusion here that Stringer's ten-year mandatory minimum sentence based on his prior

---

sentence applies to him. Thus, even if the District Court had addressed the argument, Stringer's sentence would not have been different.

4

state conviction for aggravated sexual assault of a minor did not violate the Eighth Amendment, especially given that "the punishment of recidivism . . . 'has long been recognized as a legitimate basis for increased punishment.'" *Id.* at 248 (quoting *Ewing v. California*, 538 U.S. 11, 25 (2003)).  Accordingly, we reject Stringer's constitutional challenge to his sentence.[3]

## III.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.[4]

---

[3] Stringer raises an additional argument, that the mandatory minimum sentence violated his Fifth and Sixth Amendment rights because it relied on a prior conviction that was neither alleged in the indictment nor proven beyond a reasonable doubt.  However, Stringer concedes that in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that the Sixth Amendment requires that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490 (emphasis added), and he concedes that although this "fact of a prior conviction" exception has met with criticism, it remains good law.  *See United States v. Booker*, 543 U.S. 220, 244 (2005) (reaffirming the exception).  In fact, Stringer raises this argument simply to preserve the issue for future appellate review.  Thus, we reject this argument.

[4] Stringer's motion for leave to file under seal Volume III of the Appendix is granted.